UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| R.J. O'Brien & Associates, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>Robert Williamson,<br><br>     Defendant. | Civil Action No. 14-cv-02715 |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Robert Williamson ("Defendant"), by and through his attorneys and pursuant to rules 8 and 12 of the Federal Rules of Civil Procedure, submits the following Answers and raises the following Affirmative Defenses in response to Plaintiff R.J. O'Brien & Associates, LLC's ("Plaintiff") Complaint.

### Nature of the Action

1. This is an action to enforce contractual and fiduciary obligations owed to the plaintiff R.J. O'Brien & Associates, LLC, by one of its former employees, defendant Robert Williamson.

**ANSWER:** Defendant admits that he is a former employee of Plaintiff. Defendant further admits that this Complaint purports to assert claims to enforce contractual obligations. Defendant denies that he breached any alleged contractual or fiduciary obligations owed to Plaintiff, that Plaintiff is entitled to any relief whatsoever from Defendant, and any other remaining allegations of Paragraph 1.

### Parties

2. Plaintiff R.J. O'Brien & Associates, LLC (RJO), is the oldest and largest independent futures brokerage and clearing firm in the United States. Its principal place of business is located at 222 S. Riverside Plaza, in Chicago, Illinois. RJO's sole member is RJO

Holdings, Corp., a Delaware corporation whose principal place of business is likewise located at 222 S. Riverside Plaza, Chicago, Illinois. RJO is a citizen of Illinois.

**ANSWER:** Defendant lacks sufficient information to form a belief as to Plaintiff's claim that it "is the oldest and largest independent futures brokerage and clearing firm in the United States." Defendant admits the remaining allegations of Paragraph 2.

3. Defendant Robert Williamson is a citizen of New Jersey and an experienced executive who formerly worked for RJO.

**ANSWER:** Defendant admits that he formerly worked for Plaintiff. Defendant denies the remaining allegations of Paragraph 3.

4. Non-party Wells Fargo & Company (Wells Fargo) is a very large nationwide provider of banking, mortgage, investing, credit card, insurance and consumer and commercial financial services. It does business throughout the United States.

**ANSWER:** Defendant admits the allegations of Paragraph 4.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction over this matter pursuant to 28 USC § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

**ANSWER:** Defendant admits that he is not a citizen of Illinois. Defendant lacks sufficient information to form a belief as to the remaining allegations of Paragraph 5.

6. The defendant consented to personal jurisdiction in this state and venue in this Court in the agreements at issue in this case, the Confidentiality and Non-Solicitation Agreement and the Associated Person Agreement, which are described below. Venue is proper in this judicial district pursuant to 28 USC § 1391.

**ANSWER:** Defendant admits the allegations of Paragraph 6.

## Facts

7. On March 8, 2012, RJO offered to hire Williamson as its Vice President for Execution Services, and on March 12, 2012, Williamson accepted RJO's offer. (Copies of RJO's offer of employment and Williamson's acceptance are attached as Exhibit A.).

**ANSWER:** Defendant admits the allegations of Paragraph 7.

8. In exchange for his offer of employment at RJO and additional consideration detailed below, Williamson was required to – and did – agree to several documents that imposed obligations on him in connection with his employment.

**ANSWER:** Defendant admits that he signed various documents that imposed obligations on him in connection with his employment. Defendant denies the remaining allegations of Paragraph 8.

9. The first of these additional documents was a Confidentiality and Non-Solicitation Agreement, which he signed on April 7, 2012. (A copy of this Agreement is attached as Exhibit B.). In consideration for Williamson's agreement to be bound by the Confidentiality and Non-Solicitation Agreement, RJO hired Williamson, provided him with substantial compensation and fringe benefits, and allowed him access to RJO's confidential information.

**ANSWER:** Defendant admits that he signed the Confidentiality and Non-Solicitation Agreement on April 7, 2012, a copy of which is attached to Plaintiff's Complaint. Defendant denies the remaining allegations of Paragraph 9.

10. In the Confidentiality and Non-Solicitation Agreement, Williamson agreed to the following restrictive covenants:

- Paragraphs 2(a) and (b) require Williamson to preserve the confidentiality of RJO's confidential information both during and after his employment with RJO;

- Paragraph 3 requires Williamson to return all of RJO's property upon the termination of his employment with RJO; and

- Paragraphs 4(a), (b) and (c) prohibit Williamson from soliciting RJO's customers or employees for one year following his departure from the company.

**ANSWER:** Defendant admits that Paragraphs 2(a)-(b), 3, 4(a)-(c) of the Confidentiality and Non-Solicitation Agreement set forth certain restrictions. Defendant denies Plaintiff's characterization of portions of the Confidentiality and Non-Solicitation Agreement is accurate. Defendant denies the remaining allegations of Paragraph 10.

11. Williamson additionally agreed that if he violated the terms of the Confidentiality and Non-Solicitation Agreement, he would be liable "for all damages resulting from such violations or attempted violations, included but not limited to RJO's attorney's fees and court costs incurred in seeking to enforce this Agreement." (Paragraph 6(a)). And, Williamson agreed that "[t]he state courts of Cook County, Illinois and the United States District Court for the

Northern District of Illinois shall have the exclusive jurisdiction over and all claims, lawsuits and litigation relating to or arising out of this Agreement." (Paragraph 9).

**ANSWER:** Defendant admits the quoted portions of Paragraphs 6(a) and 9 appear in the Confidentiality and Non-Solicitation Agreement that he signed. Defendant denies that he violated the terms of the Confidentiality and Non-Solicitation Agreement and any other remaining allegations of Paragraph 11.

12. The second of the additional documents was an Associated Person Agreement, which Williamson signed on April 17, 2012. (A copy of this Agreement is attached as Exhibit C.)

**ANSWER:** Defendant admits that he signed the Associated Person Agreement on April 17, 2012, a copy of which is attached to the Complaint.

13. In the Associated Person Agreement, Williamson agreed to the following restrictive covenants:

- Paragraph 15 requires Williamson to "hold the Confidential Information in strictest confidence, take all reasonable precautions to prevent the inadvertent disclosure of the Confidential Information to any unauthorized person, and follow all the Company's policies protecting the Confidential Information" and prohibits him from using, copying, divulging or otherwise disseminating or disclosing any Confidential Information, or any portion thereof, to any unauthorized person; and

- Paragraph 16 prohibits Williamson, during his employment and for one year thereafter, from soliciting for employment, hiring or engaging, or attempting to solicit, hire or engage, any RJO employee who was employed by RJO within six (6) months prior to the solicitation or hire

**ANSWER:** Defendant admits that Paragraphs 15 and 16 of the Associated Person Agreement set forth certain restrictions, including the quoted portion in Paragraph 13. Defendant denies the remaining allegations of Paragraph 13.

14. In consideration for the restrictive covenants in the Associated Person Agreement, RJO agreed to (i) sponsor Williamson to become registered with the Commodity Futures Trading Commission as an Associated Person of RJO, which would enable Williamson to solicit the accounts of new customers and solicit registered introducing brokers to introduce customer accounts to RJO, (ii) provide Williamson with access to RJO's confidential and proprietary information, including information concerning its business affairs, customer and pricing lists, sales strategies and practices, and employee details, and (iii) employ Williamson as its Vice

President, Execution Services and provide him with substantial compensation and fringe benefits.

**ANSWER:** Defendant admits the allegations of Paragraph 14.

15. Williamson acknowledged and agreed in Paragraph 19 of the Associated Person Agreement that if he breached the agreement, "money damages alone would not provide adequate relief to [RJO] for the harm incurred" and that RJO "shall be entitled to temporary, preliminary, and permanent injunctive relief restraining [Williamson] from committing or continuing to commit any breach, without the need to post a bond" and that he would be "liable for the amount of reasonable attorneys' fees incurred by [RJO] if [he] is found by a court of competent jurisdiction in a final order to have breached any provision of Paragraphs 15, 16 and 17 of this Agreement." Williamson further agreed that in the event of a dispute related to the Associated Person Agreement, the parties would "submit to the exclusive jurisdiction of the federal or state courts located in Cook County, Illinois," and he would "waive any objection to personal jurisdiction or venue in such jurisdiction . . . ." (Paragraph 13).

**ANSWER:** Defendant admits the quoted portion of Paragraphs 13 and 19 appears in the Associated Person Agreement. Defendant denies that he violated the terms of the Associated Person Agreement and any other remaining allegations of Paragraph 15.

16. RJO took steps to protect the confidentiality of its information and trade secrets by—among other things—including policies in its Employee Handbook to prevent their disclosure, such as the following:

- Page 13, subsection 11, which prohibits employees "from disclosing trade secrets or confidential Company information, or violating the policy on Conflicts of Interest"; and

- Page 14, which provides that (i) the "internal business affairs of the Company, particularly confidential information, represent Company assets that each employee has a continuing obligation to protect," (ii) "information designated as confidential may not be discussed with anyone outside the organization and may be discussed within the organization only on a 'need to know' basis," (iii) "employees have a responsibility to avoid unnecessary disclosure of non-confidential internal information about RJO, its employees, its customers, and its suppliers," and (iv) "[e]mployees are prohibited from attempting to obtain confidential information for which they have not received authorization."

On April 5, 2012, Williamson was provided with a copy of this Handbook and he signed a statement accepting it and agreeing to abide by its provisions. (A copy of this acceptance is attached as Exhibit D.)

**ANSWER:** Defendant lacks sufficient information to form a belief as to Plaintiff's claims regarding the purported contents of the Employee Handbook and what steps it took to protect the confidentiality of any information and trade secrets. Exhibit D, which bears the page number 28, is only the "Policy Statement Acceptance" portion of the Employee Handbook, which Defendant signed on April 5, 2012. Defendant lacks sufficient information to form a belief as to whether the quotes presented in Paragraph 16 are accurate or complete. Defendant denies that any provision of the Employee Handbook constitutes a binding agreement between the parties and denies any remaining allegations of Paragraph 16.

17. RJO provided Williamson with access to RJO's proprietary business processes. During the course of his employment with RJO, Williamson also had access to and utilized RJO's confidential and proprietary information, including information concerning its business affairs, customer and customer trading history, pricing lists, cost information, operational procedures, and employee details.

**ANSWER:** Defendant admits that while employed by Plaintiff, he had access to information concerning Plaintiff's business affairs, customer and customer trading history, pricing lists, cost information, operational procedures and employee information. Defendant denies the remaining allegations of Paragraph 17.

18. On or about April 5, 2013, Williamson resigned from RJO and went to work for Wells Fargo.

**ANSWER:** Defendant admits that he resigned in his employment with Plaintiff on or about April 5, 2013. Defendant denies the remaining allegations of Paragraph 18.

19. On information and belief, after beginning work at Wells Fargo, Williamson used confidential information he had learned while working at RJO to target RJO employees for hiring on behalf of Wells Fargo.

**ANSWER:** Defendant denies the allegations of Paragraph 19.

20. Within a year of terminating his employment with RJO, Williamson began soliciting RJO employees to leave its employment in favor of employment at Wells Fargo, an RJO competitor.

**ANSWER:** Defendant denies the allegations of Paragraph 20.

21. One such employee Williamson solicited, Janet Mirasola, was a key RJO employee who is in possession of valuable trade secrets and other confidential information regarding RJO's customers, customer trading history or tendencies, business methods, pricing lists, cost information, and other confidential and valuable information. Mirasola thereafter resigned her position at RJO and was hired at Wells Fargo.

**ANSWER:** Defendant admits that Janet Mirasola resigned her position with Plaintiff. Defendant denies the remaining allegations of Paragraph 21.

### Count I – Breach of Contract
### (Confidentiality and Non-Solicitation Agreement)

22. RJO realleges paragraphs 1-21 against the defendant.

**ANSWER:** Defendant incorporates by reference his answers to Paragraphs 1-21.

23. The Confidentiality and Non-Solicitation Agreement described in paragraphs 9 through 11 of this Complaint is a legally enforceable contract.

**ANSWER:** Defendant denies the allegations of Paragraph 23.

24. RJO performed all of the obligations imposed on it by that contract or was ready, willing and able to do so.

**ANSWER:** Defendant lacks sufficient information to form a belief as to allegations of Paragraph 24.

25. Williamson breached that contract by using RJO's confidential information regarding its employees, their practice areas, profitability, and other personnel information to target RJO employees for solicitation on behalf of Wells Fargo.

**ANSWER:** Defendant denies the allegations of Paragraph 25.

26. Williamson additionally breached that contract by soliciting RJO employees for employment by Wells Fargo within twelve months of the termination of his employment with RJO.

**ANSWER:** Defendant denies the allegations of Paragraph 26.

27. As a result of Williamson's breach of contract, RJO was damaged by disruption of its provision of services, disclosure of its confidential information to a competitor, and a loss of profits.

**ANSWER:** Defendant denies the allegations of Paragraph 27.

## Count II – Breach of Contract
## (Associated Person Agreement)

28. RJO realleges paragraphs 1-21 against the defendant.

**ANSWER:** Defendant incorporates by reference his answers to Paragraphs 1-21.

29. The Associated Person Agreement described in paragraphs 12 through 15 of this Complaint is a legally enforceable contract.

**ANSWER:** Defendant admits the allegations of Paragraph 29.

30. RJO performed all of the obligations imposed on it by that contract or was ready, willing and able to do so.

**ANSWER:** Defendant lacks sufficient information to form a belief as to allegations of Paragraph 30.

31. Williamson breached that contract by using RJO's confidential information regarding its employees, their practice areas, profitability, and other personnel information to target RJO employees for solicitation on behalf of Wells Fargo.

**ANSWER:** Defendant denies the allegations of Paragraph 31.

32. Williamson additionally breached that contract by soliciting RJO employees for employment by Wells Fargo within one year of the termination of his employment with RJO.

**ANSWER:** Defendant denies the allegations of Paragraph 32.

33. As a result of Williamson's breach of contract, RJO was damaged by disruption of its provision of services, disclosure of its confidential information to a competitor, and a loss of profits.

**ANSWER:** Defendant denies the allegations of Paragraph 33.

**Prayer for Relief**

WHEREFORE, plaintiff R.J. O'Brien & Associates, LLC, respectfully requests that the Court:

A. Enter judgment in RJO's favor on each cause of action set forth above;

B. Award RJO monetary damages in an amount to be proven at trial, but no less than $75,000, for the economic injury it has sustained as a consequence of the defendant's actions, including attorneys' fees and court costs; and

C. Award RJO such equitable relief as is just and proper.

**ANSWER:** Defendant denies the allegations contained in this paragraph and further denies that Plaintiff is entitled to any relief whatsoever from this Court.

**Jury Demand**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, the plaintiff respectfully demands a jury trial of all claims triable to a jury in this action.

**ANSWER:** Defendant denies that Plaintiff is entitled to a jury trial of any claims in this action.

**AFFIRMATIVE AND OTHER SEPARATE DEFENSES**

**FIRST DEFENSE:** Any injury caused to Plaintiff was due in whole or in part to Plaintiff's own actions or inaction.

**SECOND DEFENSE:** Plaintiff's complaint fails to state a claim upon which relief may be granted.

**THIRD DEFENSE:** Plaintiff's breach of contract claims fail for lack of consideration.

**FOURTH DEFENSE:** Plaintiff's claims are frivolous and brought in bad faith and, therefore, Defendant is entitled to recover his attorneys' fees and costs.

**FIFTH DEFENSE:** Defendant reserves the right to assert additional affirmative defenses that may appear and prove applicable during the course of litigation.

WHEREBY, Defendant prays that all claims against him be dismissed with prejudice, that he be awarded his fees and costs, and all such other and further relief as this Court may deem just and proper.

Date: May 19, 2014                                        Respectfully submitted,

/s Thomas F. Hurka
Thomas F. Hurka
Jeffrey J. Kmoch
Morgan, Lewis & Bockius LLP
77 West Wacker Drive, Fifth Floor
Chicago, Illinois 60601
(312) 324-1000
(312) 324-1001 (fax)
thurka@morganlewis.com
jkmoch@morganlewis.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of May, 2014, a true and correct copy of the foregoing Defendant's Answer and Affirmative Defenses was electronically filed with the Clerk of the Court using the Court's CM/ECF, which will send notification to the following:

>Sean B. Crotty
>Eugene J. Schlitz
>Elizabeth E. Richert
>Coleman Law Firm
>77 W. Wacker Dr., Suite 4800
>Chicago, IL 60601
>312-444-1000

/s Thomas F. Hurka
*Attorney for Defendant*